IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12cv176

| TOU GER LO, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | **MEMORANDUM AND** |
|  | ) | **RECOMMENDATION** |
|  | ) |  |
| EMERY CORPORATION, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
| _____ | ) |  |

Pending before the Court is Defendant's Motion to Dismiss [# 3]. Plaintiff brought this action in the Superior Court of Burke County asserting six causes of action. All of the causes of action stem from the alleged unlawful termination of Plaintiff's employment by Defendant. Defendant removed the case to this Court on the basis of federal question jurisdiction because one of the causes of action asserted in the Complaint attempted to assert some form of federal employment discrimination claim. Subsequently, Defendant moved to dismiss the Complaint in its entirety. The Court **RECOMMENDS** that the District Court **GRANT in part** the motion [# 3] and dismiss the federal claims contain in Count Two.

**I.     Background**

Plaintiff, who was born in Laos, is a resident of North Carolina. (Pl.'s Compl. ¶¶ 1, 4.) Plaintiff began working for Defendant Emery Corporation as a

machinists in 1984.  (Id. ¶¶ 5, 8.)  Defendant Emory Corporation is a North Carolina corporation.  (Id. ¶ 2.)

From 1984 until 2005, Plaintiff worked under Shop Manager Robbie Johnson.  (Id. ¶ 7.)   Johnson had a great deal of compassion for Asian-Americans.  (Id.)  When Johnson left Defendant Emory Corporation in 2005, he was replaced as Shop Manager by Douglas Gordan.  (Id. ¶ 8.)  Plaintiff alleges that Gordon had a personal dislike for Asian-Americans and made unspecified demeaning or off color remarks about Plaintiff and/or his Asian heritage, refused to discuss pay raises for Plaintiff or other Asian-Americans while unnamed, non-Asian employees were given raises, and demanded more work of Asian-Americans.  (Id. ¶ 9, 16.)

On May 2, 2011, the son of the founder of Defendant Emory Corporation, Mark Emory, approached Plaintiff and advised him that it would be in his best interest to resign his employment with the company immediately.  (Id. ¶ 11.)  Emory told Plaintiff that Gordon had informed him that Plaintiff was not meeting his production requirements.  (Id..)  Plaintiff contends that the statements Gordon made to Emory were false, and that he had satisfied all his job duties.  (Id. ¶¶ 11, 17.)  Accordingly, Plaintiff refused to resign.  (Id. ¶¶ 12,14.)  Plaintiff contends that he was subsequently terminated, effective May 2, 2011, as a result of the

personal dislike of Plaintiff by Gordon. (Id. ¶¶ 14-15, 18.)

Plaintiff then brought this action asserting claims for breach of contract, discrimination, wrongful termination, civil conspiracy, intentional infliction of emotional mental stress, and unfair and deceptive trade practices. Defendant removed the action to this Court on the basis of federal question jurisdiction because the discrimination claim asserted in Count Two contains a claim under the federal employment discrimination laws. Subsequently, Defendant moved to dismiss the Complaint in its entirety. Defendant's motion is now properly before this Court for a Memorandum and Recommendation to the District Court.

## II. Legal Standard[1]

The central issue for resolving a Rule 12(b)(6) motion is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering a defendant's motion to dismiss, the Court accepts the allegations in the complaint as true and construes them in the light most favorable to plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal

---

[1] In responding to the Motion to Dismiss, Plaintiff cites the incorrect legal standard governing this dispute. Plaintiff's Complaint is governed by the Federal Rules of Civil Procedure and federal law, not the standard governing cases in North Carolina state court cited by Plaintiff.

3

conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The complaint need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. ____, 129 S. Ct. 1937, 1949 (2009).

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. ____, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that the defendants acted unlawfully is not sufficient for a

claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claims from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

### III. Analysis

#### A. The Federal Claim Asserted in Count Two

As a threshold matter, it is unclear from the Complaint what cause of action Plaintiff intends to assert in Count Two. As Defendant correctly points out in the Motion to Dismiss, the Complaint fails to specify whether Plaintiff is asserting a claim under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, Section 1983, Section 1981, or some other federal statute. In addition, it is unclear on what basis Plaintiff is asserting his federal discrimination claim because he references age, religion, and race in Count Two.

In response to the Motion to Dismiss, Plaintiff, who is represented by counsel, argues that the nebulous allegations contained in Count Two are sufficient to survive a motion to dismiss because he has placed Defendant on notice as to the claims asserted. While it is true that Defendant is on notice that Plaintiff is attempting to assert some form of federal discrimination claim based on either race, religion, national origin, or age, it is entirely unclear what type of

federal "discrimination" claim Plaintiff is attempting to assert against Defendant in the Complaint. Is Plaintiff attempting to assert a Section 1983 claim, a Section 1981 claim based on race, a Title VII claim, or a claim under the ADEA based on age? At a bare minimum, Plaintiff must set forth in the Complaint what specific federal claim he is asserting, as well as the factual allegations supporting each of the elements for such a claim. See Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65; Consumeraffairs.com, 591 F.3d at 256. Because the Complaint fails to satisfy this standard and fails to provide Defendant with fair notice of what federal claim is being asserted in Count Two - much less whether it is based on age, race, religion, national origin, or all four - Count Two is subject to dismissal. See Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010) (explaining that a complaint must provide a defendant with fair notice what claim is being asserted in the complaint as well as the factual allegations upon which the claim is based).

Moreover, Plaintiff does not even attempt to clarify the confusion in the Complaint in his response to the Motion to Dismiss; Plaintiff does not offer any specifics as to what claim he is trying to assert in Count Two. Instead, Plaintiff reasserted the nebulous allegations in the Complaint that the claims were based on "race, religion, age or place of national origin." (Pl.'s Resp. Mot. Dismiss at p. 9-

10.) Plaintiff then argues that "[i]t is certainly recognized that Federal Statutes prohibit discrimination against an employee based on race, age or other criteria as asserted in the Plaintiff's Complaint." (Id. at p. 10.) Plaintiff, however, must do more than offer conclusory allegations that he was discriminated against in violation of some unspecified federal law or statute on the basis of some protected category in order to survive a motion to dismiss. See generally, See Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65; Consumeraffairs.com, 591 F.3d at 256.

Even if the allegations in the Complaint were sufficient to put Defendant on notice as to what federal claim Plaintiff was asserting in Count Two, the Complaint would still be subject to dismissal as Plaintiff has failed to address any of the specific legal arguments raised by Defendant in the Motion to Dismiss. For example, any Title VII or ADEA, claim would fail as a matter of law because Plaintiff has not alleged that he exhausted his administrative remedies prior to bringing suit. Before a plaintiff files suit under Title VII or the ADEA, he or she must first file a charge of discrimination with the EEOC. Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009) Chacko v. Patuzent Institution, 429 F.3d 505, 506 (4th Cir. 2005); Rudolph v. Buncombe Cnty. Gov't, 846 F. Supp. 2d 461, 477-78 (W.D.N.C. 2012) (Reidinger, J.). If a plaintiff fails to file a charge of discrimination and exhaust his administrative remedies, a federal court lacks

subject matter jurisdiction over the claim of discrimination. Calvert Grp., 551 F.3d at 300. Because Plaintiff has not alleged that he has filed a charge of discrimination with the EEOC, any federal employment discrimination claims under Title VII and the ADEA would be subject to dismissal.[2]

This Court, however, will not speculate as to what claim Plaintiff was attempting to assert in the Complaint, especially in light of the fact that counsel for Plaintiff failed to specify in his response to the Motion to Dismiss what claim he was attempting to assert in Count Two. It is the role of counsel for Plaintiff to draft a complaint that sufficiently sets forth the claims asserted in a manner that puts Defendant on notice as to what claims are asserted in the Complaint and the factual basis for each claim. Counsel for Plaintiff has failed to do so. Neither this Court nor Defendant should have to guess or read the mind of Plaintiff's counsel to determine what specific claims are asserted in a Complaint. Accordingly, the Court **RECOMMENDS** that the District Court **DISMISS** the federal claims asserted in Count Two.

---

[2] Similarly, any claims asserted pursuant to 42 U.S.C. § 1983 or 42 U.S.C. § 1985 would also fail as a matter of law because Plaintiff has not alleged that Defendant acted under the color of state law. See Blum v. Yaretsky, 457 U.S. 991, 1002-3, 102 S. Ct. 2777, 2785 (1982); Northrup v. Whetstone, 18 F. Supp. 2d 1071, 1072 (W.D.N.C. 1998) (Mullen, J.) (dismissing Section 1983 and 1985 claims against private actors).

B.   **The State Law Claims**

Having recommended that the District Court dismiss the federal claims that form the basis of federal question jurisdiction in this case, the Court **RECOMMENDS** that the District Court decline to exercise supplemental jurisdiction over the remaining state law claims and remand this case.

IV.   **Conclusion**

The Court **RECOMMENDS** that the District Court **GRANT in part** the Motion to Dismiss [# 3] and **DISMISS** the federal claims contained in Count Two. The Court **RECOMMENDS** that the District Court **REMAND** the remaining state law claims to the Superior Court of Burke County.

Signed: December 10, 2012

_____
Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).